1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GUILLERMO REGALADO, SR., | CASE NO. 15cv1266-WQH-WVG |
| Petitioner, | ORDER |
| v. | |
| R. MADDEN; JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation, | |
| Respondents. | |

15  HAYES, Judge:

16        The matter before the Court is the Report and Recommendation (ECF No. 25) of

17  Magistrate Judge William V. Gallo, recommending that the Court deny Petitioner's

18  Petition for Writ of Habeas Corpus; and (2) the request for a certificate of appealability

19  (ECF No. 29) filed by Petitioner.

20  **I. Background**

21        On July 11, 2011, Petitioner Guillermo Regalado, Sr. (a.k.a. "Senior") was

22  convicted in Imperial County Superior Court Case No. JCF22968 of first degree murder

23  of Javier Garcia on an aiding and abetting theory, assault with a deadly weapon, and

24  two counts of criminal threats.  Petitioner was sentenced to a term of 25 years-to-life

25  in prison plus a consecutive one year and eight months term for the assault conviction.

26   (Lodgment No. 1-15 at 961).[1]

27

28        [1] In the same proceedings, Petitioner's son, Junior, was prosecuted as the shooter
of the decedent, Javier Garcia, and was convicted of first degree murder.

On April 11, 2013, the California Court of Appeal for the Fourth Appellate District, Division One affirmed Petitioner's convictions in a written opinion. (Lodgment No. 11).  On July 10, 2013, the California Supreme Court denied the petition for review without citation of authority.  (Lodgment No. 14).

Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of Imperial County .  (Lodgment No. 15).  On August 27, 2014, the superior court denied the petition in a written opinion.  (Lodgment No. 16).  Petitioner filed a habeas corpus petition in the California Court of Appeal.  (Lodgment No. 17).  On October 31, 2014, the appellate court denied the petition in a written opinion.  (Lodgment No. 18). Petitioner then filed a habeas corpus petition in the California Supreme Court. (Lodgment No. 19).  On April 29, 2015, the California Supreme Court denied the petition without citation of authority.  (Lodgment No. 20).

On June 5, 2015, Petitioner Guillermo Regalado Senior, a state prisoner proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  Petitioner challenges his July 11, 2011 convictions for first degree murder, assault with a deadly weapon, and two counts of criminal threats.  Petitioner contends that he received ineffective assistance from his trial counsel because his trial counsel (1) prevented him from testifying, (2) failed to retain an expert to testify on the trajectory of the bullet that killed Javier Garcia Martinez ("Garcia"), and (3) failed to effectively impeach witnesses for the prosecution. Petitioner contends that these alleged errors of counsel prevented the Petitioner from establishing that he, not his son, was the shooter, and that he did so in self-defense. Petitioner contends that the trial court violated his fair trial rights by not informing the jury that it could find Petitioner guilty of a lesser offense than his co-defendant.  On August 14, 2015, Respondent filed an answer.  (ECF No. 10).  On October 15, 2015, Petitioner filed a Traverse.  (ECF No. 22).

On March 25, 2016, Magistrate Judge William V. Gallo issued a Report and Recommendation, recommending that the Court deny Petitioner's Petition for Writ of

Habeas Corpus.  (ECF No. 25).  On June 13, 2016, Petitioner filed objections.  (ECF No. 28).  Also on June 13, 2016, Petitioner filed a request for a certificate of appealability.  (ECF No. 29).

## II. Standard of Review

The duties of the district court in connection with a Report and Recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1).  The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III.  Discussion

The Magistrate Judge correctly found that the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996.  (ECF No. 25 at 6).  Under this standard, a "petition cannot be granted unless the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(d)).

Where there is no "reasoned decision" from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-806 (1991).  If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer v. Andrade*, 538 U.S.

63, 75 (2003).

Petitioner objects to the Magistrate Judge's conclusions with respect to each of Petitioner's claims.  The Court has reviewed de novo the Petition, the record, and the submissions of the parties.

**A. Ineffective Assistance of Counsel**

Petitioner raises three ineffective assistance of counsel claims: (1) trial counsel prevented him from testifying, (2) trial counsel failed to retain an expert to testify on the trajectory of the bullet that killed Garcia, and (3) trial counsel failed to effectively cross examine and impeach witnesses for the prosecution.  Petitioner raised his ineffective assistance of counsel claims in the habeas corpus petition he filed in the California Supreme Court. (Lodgment No. 19).  Because the California Supreme Court denied the petition without citation of authority, this Court must look to the state appellate court's decision denying the ineffective assistance of counsel claims as the basis for its analysis.  *See Ylst*, 501 U.S. at 805-806.  The state appellate court decision stated,

> To establish ineffective assistance of counsel, a petitioner must demonstrate deficient performance and prejudice under an objective standard of reasonable probability of an adverse effect on the outcome. (*People v. Waidla* (2000) 22 Cal.4th 690, 718.)  Senior does not meet this burden
>
> Senior's contentions all relate to claims of deficient performance premised on the failure of Senior's attorneys to prove that he was the shooter, not his son.  Thus, these alleged "failures" all led to a favorable outcome for Senior and there can be no probability of an adverse effect on the outcome of the trial.  Although Senior claims that if he were the shooter he could also prove that he shot the victim in self-defense, such a claim is contradictory to the accounts of multiple eyewitnesses.  Given these multiple eyewitness accounts, it is not reasonably probable that even if Senior had "confessed" at trial that he was the shooter, the jury would have also found that he shot the victim in self-defense.

(Lodgment No. 18 at 1-2).

The Court concludes that the Magistrate correctly analyzed the law regarding a defendant's right to testify.  "A defendant who wants to reject his attorney's advice and take the stand may do so by insisting on testifying, speaking to the court, or discharging his lawyer.  When a defendant remains silent in the face of his attorney's decision to

call him as a witness, he waives the right to testify." *U.S. v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999) (citations and internal quotations omitted).  The only evidence in the record to support Petitioner's contention that he was prevented from testifying is a self-serving affidavit stating that he told his lawyers about his self-defense claim and his lawyers prevented him from testifying.  Because there is no evidence in the record to suggest that Petitioner insisted on testifying, spoke to the court about his desire to testify, or attempted to discharge his lawyer, Petitioner is presumed to have waived his right to testify.  *See id.* at 1094.

Furthermore, the Magistrate Judge determined that "[a]dvising Senior to take the stand and testify that he, not Junior, was the shooter, would have been contrary to th[e] obligation" of counsel.  (ECF No. 25 at 10).  After reviewing the Petition, the record, the submissions of the parties, and the Report and Recommendation, the Court concludes that the Magistrate Judge correctly determined that "[i]t was a reasonable, tactical decision, given the eyewitness accounts" for counsel to advise Petitioner not to testify.  The Magistrate Judge also correctly concluded that Petitioner has not shown prejudice by counsel's advice that Petitioner not testify because if he would have testified, there is no reasonable probability, based on the evidence presented, that the jury would have acquitted him.  The Petition is denied as to the claim for ineffective assistance of counsel based on preventing Petitioner from testifying at trial.  *See Strickland v. Washington*, 466 U.S. 668, 688, 94 (1984) (holding that to establish ineffective assistance of counsel, a petition must show that the attorney's representation fell below an objective standard of reasonableness and that he was prejudiced by counsel's errors).

Petitioner asserts that counsel failed to conduct a reasonable investigation into the bullet trajectory evidence, testified to by the coroner, and that counsel should have hired an expert to testify that the trajectory of the first bullet fired at Garcia did not come from the back of Garcia, but rather from his front and side.  Petitioner contends that this testimony would have supported the theory that Petitioner shot Garcia in self-

defense.  After reviewing the Petition, the record, the submissions of the parties, and the Report and Recommendation, the Court concludes that the Magistrate Judge correctly determined that the coroner testified that the bullet came from the side of Garcia, not behind, and therefore included the information Petitioner claims should have been presented by a defense expert.  *See* Lodgment No. 8 at 626; ECF No. 11-8 at 95.  The Magistrate Judge correctly determined that "[g]iven that the information Senior claims should have been presented to the jury was, in fact, actually presented to them, he has established neither that the trial counsel's performance was objectively unreasonable, or that he was prejudiced by counsel's failure to present expert testimony on the trajectory of the first bullet.  *See Strickland*, 466 U.S. at 687, 694.  The Magistrate Judge correctly concluded that the Petition should be denied as to the claim for ineffective assistance of counsel related to the defense counsel's failure to utilize an expert regarding the bullet trajectory evidence.

Petitioner asserts that his trial counsel failed to effectively cross examine and impeach witnesses.  After reviewing the Petition, the record, the submissions of the parties, and the Report and Recommendation, the Court concludes that the Magistrate Judge correctly determined that Petitioner failed to show prejudice by counsel's failure to point out inconsistencies in witness testimony.  It is not evident what effect, if any, highlighting the minor inconsistencies in the witnesses testimony would have had on the result of the trial.  Furthermore, there is no reasonable probability that further cross examination regarding where the shooter was standing or how the tractor lights illuminated the field where the shooting occurred would have affected the outcome of the trial.  The Court concludes that the Magistrate Judge correctly determined that Petitioner failed to establish any prejudice under *Strickland* regarding trial counsel's examination and impeachment of witnesses.  *See Strickland*, 466 U.S. at 694.

The Magistrate Judge correctly determined that because Petitioner has not established the *Strickland* prongs as to any of the alleged instances of ineffective assistance of counsel, the state court's resolution of those claims was neither contrary

to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13.

**B. Response to the Jury's Note**

Petitioner's fourth claim relates to the trial court's response to the jury's note regarding how to apply the aiding and abetting instructions. Petitioner raised this claim in the petition for review he filed in the California Supreme Court on direct appeal. (Lodgment Nos. 12-13). Because the California Supreme Court denied the petition without citation of authority, this Court must use the state appellate court decision denying the claim as the basis for its analysis. *See Ylst*, 501 U.S. at 805-806. The state appellate court decision stated,

> The prosecution's theory on the murder charge was that Junior was the shooter, and thus the direct perpetrator, and Senior aided and abetted Junior in committing the murder. Senior's defenses to the murder charge were voluntary intoxication and provocation. The trial court instructed the jury on first and second degree murder. The court also instructed on the lesser included offenses of voluntary manslaughter based on provocation . . . and imperfect self defense. The court also instructed on voluntary intoxication, which the jury could consider "in deciding whether [Senior] acted with an intent to kill, or . . . deliberation and premeditation."
>
> The trial court instructed with CALCRIM No. 400 on aiding and abetting, stating:
>
>> "A person may be guilty of a crime in two ways. One, he or she may have directly committed the crime. I will call that person the perpetrator. Two, he or she may have aided and abetted a perpetrator, who directly committed the crime. A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator."
>
> The Court further instructed with CALCRIM No. 401, stating:
>
>> "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: 1. The perpetrator committed the crime; 2. The defendant knew that the perpetrator intended to commit the crime; 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; AND 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of a crime. . . ."
>
> On July 6, 2011, during deliberations, the jury sent a note (Note 1) to the trial court, asking: "If we decide on a charge for Jr. [and] decided Sr. aided [and] abetted[,] is Sr. guilty to the same degree?" Over Senior's objections, the trial court replied to Note 1, instructing the jury: "I would direct your attention to instructions 400 and 401. If you believe that the elements of aiding and abetting has been proven, Senior is guilty to the

same degree as Junior."

On July 7, Senior filed an emergency motion to reconsider jury instructions and reinstruct the jury . . . . Senior argued the Court's reply to Note 1 was based on a prior version of CALCRIM No. 400, which misled the jury to believe that if he aided and abetted Junior, he must be found "equally guilty" of the same crime as Junior. He argued that if the jury found he aided and abetted Junior in killing Garcia, the law allowed it to find him guilty of a lesser degree of homicide than Junior. He argued the jury should be expressly so instructed. . . . The trial court denied his motion. The court explained that it did not read any portion of CALCRIM No. 400, but merely referred the jury to CALCRIM Nos. 400 and 401, the current versions of those instructions given by the court before counsel's closing arguments.   It did not use the words "equally guilty." Furthermore, the court explained the jury did not ask whether an aider and abettor may be found guilty of a lesser level of homicide than the perpetrator.

On July 8, the jury sent another note (Note 2) to the trial court, asking: "If we agree that Sr. aided [and] abetted in the commission of the crime[,] would provocation and/or intoxication be a legal defense for him (Sr.)?" The court replied to Note 2, instructing the jury: "The instructions on intoxication and provocation apply to both defendants." [FN 7 omitted].

On July 11, the jury sent another note (Note 3) to the trial court, asking "Does provocation only apply to the person [who] pulls the trigger?" The court believed Note 3 was a restated version of Note 2. With counsel's concurrence, the court replied to Note 3, instructing the jury: "Provocation applies equally to both the shooter and [an] aider and abettor." Less than one hour later, the jury returned its verdicts finding both Senior and Junior guilty of first degree murder.

The state appellate court concluded that the trial court did not err in instructing the jury on aiding and abetting.  (Lodgment No. 11 at 15; ECF No. 11-27 at 15).  The state appellate court went on to state,

Assuming arguendo the trial court erred by replying to Note 1 and instructing the jury that if Senior aided and abetted Junior, he must be found guilty of the same degree of offense, we nevertheless would conclude that error was harmless even under the standard of *Chapman v. California* (1967) 386 U.S. 18, 24. . . . To the extent that instruction may have led the jury to believe that if it found Senior aided and abetted Junior, it could not find him guilty of a lesser degree of offense, the court's original instructions, along with its replies to Notes 2 and 3, disabused the jury of that belief . . . . [B]ecause the Court's instructions, when read as a whole, were correct and the jury continued to consider, after the court's reply to Note 1, potential defenses Senior may have if it found he aided and abetted Junior, any error in the court's reply to Note 1 was harmless beyond a reasonable doubt.

*Id.* at 15-16.

"Instructional error will not support a petition for federal habeas relief unless it

is shown 'not merely that the instruction is undesirable, erroneous, or even universally condemned,' . . . but that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir. 2001) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)).   The Magistrate Judge concluded that the trial judge's responses to the jury notes were correct statements of California law and that, "[t]aking the jury instructions as a whole, including the instructions given by the trial judge in response to the jury's questions, the jury was aware that they could convict Senior of aiding and abetting a crime lesser than, equal to, or greater than the crime of which they convicted Junior." (ECF No. 25 at 24-25).   After reviewing the record, the opinions of the lower state courts, the submissions of the parties, and the Report and Recommendation, the Court concludes that the Magistrate Judge's determination was correct.   Considering all of the instructions given to the jury and the trial judge's responses to the notes from the jury, even if the court's response to Note 1 was in error, it did not have a substantial or injurious impact on the jury's verdict and did not infect the trial such that the resulting conviction violated due process.   *See Murtishaw*, 255 F.3d at 971; *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).  The Magistrate Judge correctly concluded that even if error did occur, the state appellate court's conclusion that it was harmless was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.   *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412-13.  The Petition is denied as to the claim that Petitioner's due process rights were violated by instructional error.

## IV. Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b).   Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of

appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous arguments. The Court grants a certificate of appealability.

**V. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 25) is adopted in its entirety and the Petition for Writ of Habeas Corpus is denied.

IT IS FURTHER ORDERED that the request for a certificate of appealability (ECF No. 29) is granted.

DATED: August 31, 2016

**WILLIAM Q. HAYES**
United States District Judge